## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 13-po-1631** |
| **v.** | * | |
| | * | |
| | * | |
| **ADEBAYO O. MORAFA,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| | *********** | |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's request to expunge his criminal convictions for speeding and driving with a blood alcohol concentration of .08 or above. No hearing is necessary. L.R. 105.6.

On April 18, 2013, Defendant pleaded guilty to speeding and to driving with a blood alcohol concentration of .08 or above in violation of 36 C.F.R. §§ 4.21(c) and 4.23(a)(2). The Court entered judgment on May 2, 2013, and placed Defendant on probation, which ended in June 2014. Without any explanation, Defendant now seeks expungement of his criminal convictions.

Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

Here, Defendant has not shown that the adjudicative facts underlying his convictions are interdependent with any equitable circumstances that he may claim justify expungement.  *See United States v. Harris*, 847 F. Supp. 2d 828, 834 (D. Md. 2012).   Further, expungement of Defendant's criminal convictions runs contrary to a federal court's ability to vindicate its authority and effectuate its decrees.  *See id.* at 834-35; *United States v. Mitchell*, 683 F. Supp. 2d 427, 432-33 (E.D. Va. 2010).   Because the Court accordingly lacks ancillary jurisdiction, Defendant's request to expunge his criminal convictions is **DENIED**.


Date: February 26, 2015                                    _____/s/_____

                                                                    Thomas M. DiGirolamo
                                                                    United States Magistrate Judge